[Cite as *State v. Davis*, 2026-Ohio-2914.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250514 |
|  |  | TRIAL NO. | B-2401448-B |
| Plaintiff-Appellee, | : |  |  |
| vs. | : |  |  |
| DERRICK DAVIS, | : | *JUDGMENT ENTRY* |  |
| Defendant-Appellant. | : |  |  |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/29/2026 per order of the court.**

**By:**_____
         **Administrative Judge**

[Cite as *State v. Davis*, 2026-Ohio-2914.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250514 |
| | | TRIAL NO. | B-2401448-B |
| Plaintiff-Appellee, | : | | |
| vs. | : | *O P I N I O N* | |
| DERRICK DAVIS, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 29, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Following a guilty plea, Derrick Davis was convicted of trafficking in cocaine. In exchange for pleading guilty, the State dismissed the major-drug-offender ("MDO") specification from the trafficking charge and dismissed a charge of possession of cocaine with an MDO specification. The plea agreement included an agreed sentence of six years in the Ohio Department of Rehabilitation and Correction ("ODRC"). Davis now appeals, and in three assignments of error, he argues that his guilty plea was not knowingly, voluntarily, and intelligently entered, the court erred by imposing a six-year prison sentence, and the court erred by imposing court costs. For the following reasons, we affirm the judgment of the trial court.

## Factual Background

{¶2} Davis was charged with possession of cocaine and trafficking in cocaine, with MDO specifications, both first-degree felonies. On the morning of a scheduled jury trial, the prosecutor informed the court that one of the officers was unavailable that day due to training in Alabama, and another officer was out all week. Additional discussions occurred off-the-record.

{¶3} The trial court asked if the State had offered Davis a plea deal. Defense counsel responded that the State had offered his client a plea to eight years in prison on one count. Although he advised his client to accept the plea, Davis rejected it. Counsel represented that he had further advised Davis that in his professional opinion, based upon the evidence, proceeding to trial would result in guilty findings and subject him to significantly more prison time.

{¶4} Counsel also informed the court that Davis identified as a sovereign citizen, whose beliefs conflicted with Ohio law. Counsel believed that Davis's fundamental lack of understanding of Ohio statutory and common law, due to his

sovereign-citizen beliefs, clouded his judgment as to his expectations of how his case should proceed. Counsel believed Davis was lucid and competent.

{¶5} The court addressed Davis to ensure he understood that if he were found guilty, the court would be required to sentence him to 11 years in ODRC. Davis expressed his understanding and stated, "I know that I'm not guilty of this, these accusations, and I'm moving forward. I want this to be dismissed." The court explained that the case would proceed to a jury trial and not a dismissal. Again, Davis expressed that he understood, and the court confirmed that he wanted a jury trial.

{¶6} The prosecutor and defense counsel conferred briefly, and defense counsel announced that the State had offered a plea with an agreed sentence of six years in prison, and Davis rejected the plea. When the court addressed Davis to ensure that he wanted to reject the plea, Davis represented that he was still considering the plea and requested a recess to process the proposed plea. The court allowed him 20 minutes to decide, and after considering the plea, Davis wished to enter an Alford plea. After conferring with the prosecutor's office, the prosecutor rejected an Alford plea unless Davis pled to the MDO specification as charged in Count 2. The court explained that if he accepted an Alford plea on Count 2, he would be sentenced to 11 years.

{¶7} When the court decided to bring in the jury, Davis said he was having a "mental breakdown" and assured his counsel that he was not agitated. Davis apologized to the court and explained "it's a lot to process" and thanked the court for allowing him time. The court informed him that he could accept the plea the following day, and explained that it would not accept a plea if he were having a "mental breakdown" because the plea must be voluntary. After conferring with his counsel, Davis accepted the plea.

{¶8} The court inquired whether he was "of sound mind" to accept the plea,

and Davis explained "[t]here is a lot of evidence against me, that's what makes this hard." Davis again conferred with counsel, and the court said, "Sign it or we're bringing in the jury. We're done." Davis had been considering the plea for 90 minutes. When the court instructed the bailiff to bring in the jury, Davis said, "I'm signing the paper now." While Davis continued to initial the plea form, the court informed the parties that, "At this point, I don't find that he is voluntarily signing it."

{¶9} Davis continued to complete the plea form, and his counsel instructed him to initial the checkmark indicating that he was a citizen. After conferring with counsel, counsel remarked, "Trump. Trump said you wasn't no citizen? What does that have to do with this case?" Davis responded, "I have to be present – ." Counsel replied, "You're a United States citizen. That means that if you get convicted you won't be deported. You are a citizen. You [were] born in Cincinnati. You're a U.S. citizen. It's got nothing to do with Trump." The two continued to discuss the proposed plea agreement while the jury entered the court room.

{¶10} The court proceeded to voir dire. After the court released the potential jurors for the day, Davis's counsel put on the record that after the initial 20 minutes expired, the court gave Davis an additional 45 minutes to consider the plea. Davis discussed the plea with counsel, someone on the phone, his mother and his brother. After those discussions, Davis spent an additional 15 to 30 minutes considering the plea without making a decision.

{¶11} The following day, Davis informed the court that he wished to accept the plea. After Davis waived his right to a jury trial, the prosecutor informed the court that the plea involved a plea to trafficking, Count 1, and the MDO specification would be dismissed, and the agreed, recommended sentence was six years. The State read a factual statement, and Davis admitted that the facts were true. The court explained

the Reagan Tokes sentencing, the maximum sentence he faced, and postrelease control. Davis confirmed that he had read the plea agreement multiple times and counsel had read the form to him and answered all of his questions.

{¶12} The court ensured Davis understood the constitutional rights he was waiving and asked, "Do you understand that your attorney can cross-examine, that is, question any witnesses that would come to court and testify against you at trial?" Davis replied, "Yes, your honor." After accepting the plea, the court continued the sentencing hearing for two weeks to allow Davis to get his affairs in order.

{¶13} At the sentencing hearing, the parties informed the court that the agreed sentence was six years. The court imposed the agreed six-year term, waived the mandatory fine after finding him indigent, and imposed court costs.

### The Plea was Knowing, Voluntary and Intelligent

{¶14} In his first assignment of error, Davis asserts that his plea was unknowing, involuntary, and unintelligent due to the undue pressure and duress to accept the plea, his confusion about his citizenship, his repeated insistence that he was innocent, and the court's failure to comply with Crim.R. 11 before accepting his plea.

{¶15} A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. *See State v. Dailey*, 2024-Ohio-3166, ¶ 3 (1st Dist.). An appellate court conducts a de novo review of the record and the totality of circumstances to determine whether the plea was entered knowingly, voluntarily, and intelligently. *State v. Davis*, 2024-Ohio-2793, ¶ 15 (1st Dist.), citing *State v. Mitchell*, 2023-Ohio-724, ¶ 11 (1st Dist.).

{¶16} Davis contends he entered his plea due to undue duress and pressure, rendering the plea involuntary, because "he was forced to make a quick decision to either accept the State's plea offer or go to trial." Davis emphasizes that he only had

20 minutes to make this determination.

{¶17}   The record demonstrates that when the State offered a more favorable plea deal, the court gave Davis ample time to consider the plea.  In addition to the initial 20 minutes, the court afforded him 70 more minutes to make his decision.  During that time, Davis consulted with his attorney, an unnamed person on the phone, his mother, and his brother.  Davis acknowledged that "[t]here is a lot of evidence against me."  When Davis decided to accept the plea, the court declined to accept it, despite the fact that he was completing the form.  Out of an abundance of caution, the court explained that it would not accept the plea because, "at this point, I don't find that he is voluntarily signing it."

{¶18}   The following morning, Davis had decided to waive his right to a trial and accept the plea agreement.  The court engaged in a lengthy colloquy, and Davis assured the court that he made the plea of his own free will and was not threatened to enter the plea.  Davis signed the plea form based on his "own free will," read the form multiple times, had it read to him and explained by his counsel, and represented to the court that his attorney had answered all of his questions.

{¶19}   Davis entered his plea the day after the State offered more favorable terms, and this record does not support his contention that the plea was a result of undue duress or pressure.

{¶20}   While Davis did not initially understand the citizenship question, after his attorney explained the nature of the question, Davis had no additional questions regarding his citizenship.  The following day, when he entered the plea, Davis affirmed to the court that he was a citizen.  Although Davis initially claimed he was innocent, he admitted that the State had "a lot of evidence against him."  When he agreed to plead guilty, Davis acknowledged that the factual allegations as recited by the State

7

were true, and that he wished to enter a guilty plea.

{¶21} Davis contends that the court failed to comply with Crim.R. 11 when it did not advise him that he was waiving his right to confront the witnesses against him, rendering his plea constitutionally infirm. Specifically, he argues that the court informed him of "his right to cross-examination instead of his right to confrontation," which constituted a failure to strictly comply with Crim.R. 11(C)(2)(c).

{¶22} As Davis concedes, this court has previously rejected that argument. *See Dailey*, 2024-Ohio-3166, at ¶ 6 (1st Dist.) ("The court's explanation that the guilty pleas would waive the right to 'see' and 'cross-examine' the witnesses was a reasonably intelligible description that adequately informed Dailey of his right to confront the witnesses against him."); *State v. Lucas*, 2025-Ohio-1645, ¶ 7 (1st Dist.) ("'Confronting' adverse witnesses connotes that the defendant would have had the opportunity to cross-examine those witnesses. In fact, various appellate courts have held that a deviation from the rule's language is not fatal to a plea when language explaining that the defendant is waiving the right to 'cross-examine' adverse witnesses is included.").

{¶23} As long as the trial court explained the constitutional rights the defendant waived by pleading guilty, the court need not recite the exact language in Crim.R. 11 (C)(2). *Dailey* at ¶ 5. "A plea will not be vacated if the record shows that the trial court's explanation of the constitutional rights being waived by entering a guilty plea was done 'in a manner reasonably intelligible to that defendant.'" *Id.*, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus.

{¶24} Here, the trial court informed Davis that by entering a guilty plea, he would "give up [his] right to see all of the witnesses against [him] and have [his] attorney cross-examine them." This is the same language this court determined was a

reasonably intelligible description that adequately informed a defendant of his right to confront the witnesses against him. *See Daily* at ¶ 6.

**{¶25}** Davis further contends the court's failure to inform him that the trafficking conviction required a mandatory prison term and that he was ineligible for probation rendered his plea invalid. Prior to accepting a plea, the trial court must inform the defendant of certain nonconstitutional rights, such as the maximum penalty, which includes an advisement on probation ineligibility. *See* Crim.R. 11(C)(2)(a); *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26.

**{¶26}** When a trial court completely fails to comply with a portion of Crim.R. 11(C), a defendant does not need to show prejudice to invalidate the plea. *See State v. Lea*, 2026-Ohio1837, ¶ 14 (1st Dist.), citing *State v. Dangler*, 2020-Ohio-2765, ¶ 15. "But when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.*, citing *Dangler* at 14. To establish prejudice, the defendant must demonstrate that he or she would not have otherwise entered the plea. *Id.*

**{¶27}** When Davis initially contemplated the plea, the court informed him numerous times that if he were found guilty of the trafficking charge with the MDO specification, it would have no discretion in sentencing and would be required to sentence him to 11 years. The court also informed him that if he accepted the guilty plea, he would serve six years, with credit for time served. The court clarified that even with the credit, he would be required to serve the entire sentence.

**{¶28}** The following day, before accepting his plea, the trial court informed Davis multiple times that he faced three to 11 years on the trafficking charge, and that he would be required to serve the minimum term in prison. The written plea agreement, which Davis read und understood, also informed him that the conviction

was subject to a mandatory prison term.

{¶29} Although the court did not use the term "mandatory," the court correctly informed him multiple times that he would be required to serve the entire prison sentence at ODRC. Thus, the court did not fail to fully comply with the nonconstitutional requirement when it failed to use the term "mandatory" because it did not entirely fail to inform him of the maximum sentence. *See Lea*, 2026-Ohio-1837, at ¶ 25 (1st Dist.); *State v. Johnson*, 2025-Ohio-149, ¶ 23 (1st Dist.).

{¶30} Moreover the court repeatedly made it clear that Davis was required to serve a prison term. Where the record indicates that the defendant understood a conviction mandates a prison term, the court need not specifically inform a defendant that he is not eligible for community control. *See State v. Gary*, 2020-Ohio-4069, ¶ 4-5 (8th Dist.).

{¶31} Consequently, the trial court did not fail to fully comply with Crim.R. 11(C)(2), and Davis "must affirmatively show prejudice to invalidate a plea." *See Dangler*, 2020-Ohio-2765, at ¶ 14. Here, Davis does not allege or establish any prejudice.

{¶32} Finally, Davis argues that his plea was involuntary because "the trial court never explained the meaning of a no-contest plea, the effects of a no-contest plea, and that a no-contest plea was an option for Davis." However, Davis cites to no authority that requires a court to discuss a no-contest plea when a defendant agrees to enter a guilty plea, and we could find none. This argument is without merit.

{¶33} We overrule the first assignment of error.

## Agreed Sentence

{¶34} In his second assignment of error, Davis asserts that the trial court erred by imposing a six-year sentence because the court did not conduct an analysis under

R.C. 2929.12 before imposing its sentence.

**{¶35}** Here, the sentence was agreed upon and jointly recommended by both parties. Under R.C. 2953.08(D)(1), if a jointly-recommended sentence imposed by a court is "authorized by law," then the sentence is not subject to review on appeal. *State v. Jackson*, 2020-Ohio-80, ¶ 18 (1st Dist.); *State v. Sergent*, 2016-Ohio-2696, ¶ 15. Therefore, this court has no jurisdiction to review the sentence unless the sentence was unauthorized by law. Davis does not contend that his sentence was unauthorized by law. Rather, he contends that the record does not support the sentence. Accordingly, the sentence is not subject to review under R.C. 2953.08(D).

**{¶36}** We overrule the second assignment of error.

### Court Costs

**{¶37}** In his third assignment of error, Davis contends that the trial court erred by imposing court costs as part of the sentence after finding him indigent. At the sentencing hearing, Davis asked the court to waive the mandatory $10,000 fine because he was indigent. The court complied and waived the fine. Davis did not request a waiver of the court costs and did not object to the imposition of the court costs.

**{¶38}** Under R.C. 2947.23(A)(1)(a), a trial court is required to impose court costs when imposing sentence. "It is within the trial court's discretion to determine whether to remit costs for an indigent defendant." *State v. Morales*, 2009-Ohio-1800, ¶ 11 (1st Dist.), citing R.C. 2947.23; *State v. Threatt*, 2006-Ohio-905. Accordingly, the trial court did not abuse its discretion in imposing court costs. *See State v. Woods*, 2016-Ohio-545, ¶ 10 (6th Dist.) (under R.C. 2947.23(A)(1), imposition of court costs is valid regardless of ability to pay, and the imposition of court costs was proper).

**{¶39}** Accordingly, we overrule Davis's third assignment of error.

## Conclusion

**{¶40}** Having overruled Davis's three assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **MOORE, JJ.,** concur.